SAVOIE, Judge.
Plaintiffs appeal the denial of a preliminary injunction prohibiting the defendants from re-advertising for wrecker-service bids in violation of the renewal provision of their agreements.
Each of the three plaintiffs has a separate contract with the City of Baton Rouge, the substance of which is identical. Thereunder, the parties stipulated the effective period of the agreement. They also provided that this contractual period could be extended “with an option to renew, by letter agreement, for two (2) additional years, on an annual basis.” [1]
Relying on this provision, plaintiffs notified the City by individual letters that each wished to exercise his option to extend the contract for another year. The City responded, announcing it did not want to exercise said option and would re-advertise for bids in accordance with paragraph 15 of the SPECIAL INSTRUCTIONS FOR ANNUAL CONTRACTS.[2] Subsequently, the *604 City advised plaintiffs that it was terminating the agreements, as provided in paragraph 14 of the AGREEMENT.[3] As a result thereof, plaintiffs petitioned for a Temporary Restraining Order and Rule for a Preliminary Injunction. Therein, they requested that the City be temporarily restrained from re-advertising for bids in contravention of their contracts and, further, to show cause why a preliminary injunction should not be issued in the same form and substance.
The trial court denied the temporary restraining order and, after a hearing, denied the preliminary injunction. It held that the parties’ written agreement evidenced an intent that both must consent to an extension of the agreement’s term. Therefore, it concluded that plaintiffs’ unilateral attempt to extend the agreement past the primary term was not valid until accepted by defendants. These conclusions were based primarily on paragraph 15 of the SPECIAL INSTRUCTIONS FOR ANNUAL CONTRACTS and the TERM provision in the NOTICE TO BIDDERS, SPECIAL CONDITIONS[4] rather than paragraph 13 of the AGREEMENT which the trial court found to be “somewhat vague” on this matter.
On appeal, plaintiffs contend that the trial court erred in its interpretation of the contract. Plaintiffs maintain that under paragraph 13 of the AGREEMENT, they had a contractual option to extend the term of the contract unilaterally.
While we are not in accord with the trial court’s opinion that paragraph 13 of the AGREEMENT is “somewhat vague,” neither can we agree with plaintiffs’ interpretation of that paragraph.
One of the basic rules of contract interpretation is that all clauses of the agreement are to be interpreted in relation to each other, giving to each the sense that results from the entire act. L.S.A.-C.C. art. 1955.
Paragraph 13 of the AGREEMENT states that the parties understand the contract is in full force and effect for a certain time period with an option to renew, by letter agreement. Further, it provides that the party’s intent to exercise the option must be submitted by a written statement at least 30 days before the contract period ends. This language indicates that the written statement of intent merely expresses the party’s willingness to consent to an extension of the contract’s term, whereas, the letter agreement actually effectuates the extension of the contract’s term. The use of the word “agreement” therein to accomplish the extension of time indicates that it requires the consent of both parties. This interpretation is even more apparent *605 when read with the contract’s following paragraph.
Paragraph 14 provides that either party has the right to terminate the agreement by giving written notice. This right to terminate the agreement invariably includes the right to terminate the option to renew. The fact that paragraph 14 grants either party this right supports the conclusion that both parties must agree to extend the contract’s term.
This interpretation is further substantiated by paragraph 15 of the SPECIAL INSTRUCTIONS FOR ANNUAL CONTRACTS which was made part of plaintiffs’ proposals pursuant to paragraph 16 thereof. Paragraph 15 provides, in pertinent part, that the contract term may be extended upon the approval and agreement of the contractor and the City-Parish Government. In addition, it requires re-advertising for bids if the contractor or the City-Parish Government does not desire to extend the contract. It is evident by the paragraph’s plain language that an extension of the contract’s term can be accomplished only with the consent of both parties.
The language in the TERM paragraph of the NOTICE TO BIDDERS, SPECIAL CONDITIONS is also clear on this point. It establishes that the contract is for a certain time period with an option to renew by letter agreement. Further, it specifies that the parties to the letter agreement be the contractor and the City of Baton Rouge, Parish of East Baton Rouge.
Taken as a whole, we agree with the trial court’s conclusion that it was the parties’ intention that both must consent to an extension of the contract’s term. Accordingly, we affirm the trial court’s judgment.
Judgment of the trial court is affirmed. Appellants are to pay all costs.
AFFIRMED.

. Paragraph 13 of the written AGREEMENT between each plaintiff and the City of Baton Rouge states that:
"It is further understood by and between the parties hereto that this agreement shall remain in full force and effect for a period of __ beginning midnight __ and ending midnight_ with an option to renew, by letter agreement, for two (2) additional years, on an annual basis. A written statement of intent to exercise the option to renew must be submitted at least thirty (30) days before the end of the contract period.”

. We note that although defendants paraphrase the substance of paragraph 15 of the SPECIAL INSTRUCTIONS FOR ANNUAL CONTRACTS, its letters refer to this as paragraph 14. We believe this to be merely a typographical error, as paragraph 15 is the applicable paragraph to the argument advanced. It provides that:
"The contract shall be firm through the period indicated on the reverse side of this page. Upon the approval and agreement of the contractor and the City-Parish Government it may be extended to a second or third year or other indicated time period. Extension of contract into the second or third time periods shall be made by letter on or before the expiration of the *604 primary period. By written agreement of extension, contractor agrees to supply the items of the contract for the next period at the stated and established prices. Should the contractor or the City-Parish Government not desire to extend this contract, it shall be re-advertised. When different time periods are offered by bidders, this may be a consideration in award of the contract.”

. Paragraph 14 of the AGREEMENT reads: "Either party to this agreement shall have the right to terminate the agreement by giving the other party written notice of termination in writing thirty (30) days prior to the date specified for termination of the agreement. In addition, should Contractor fail to refuse to comply with any of the provisions of this agreement, or any instructions of the City issued pursuant to this agreement or pursuant to the provisions contract, [sic] City shall have the right to terminate the agreement ipso facto and without putting Contractor in default. In the event of any such termination for cause, Contractor shall have no further rights under the provisions of this agreement. In the event of termination of this agreement for any reason, Contractor shall make a final report to City within thirty (30) days of the date of termination with respect to vehicles on hand as of the time of termination, said report to contain the information and be in the form prescribed in Paragraphs 5 and 9 hereof.”

. The trial court relied on paragraph 13 of the SPECIAL INSTRUCTIONS FOR ANNUAL CONTRACTS set forth in Footnote 2, supra, and the TERM provision in the NOTICE TO BIDDERS, SPECIAL CONDITIONS, which provides:
“This contract is for the period from midnight April 1, 1982 to midnight December 31, 1982 with option to renew for two (2) additional years by letter agreement with the contractor(s) and the City of Baton Rouge, Parish of East Baton Rouge, La.”